793 F.2d 1291
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HAROLD LEE JACKSON, Petitioner-Appellant
v.
JAMES H. ROSE, WARDEN, Respondent-Appellee.
 85-5872
 United States Court of Appeals, Sixth Circuit.
 5/5/86
 
 AFFIRMED
 W.D.Tenn.
 ORDER
 BEFORE: ENGEL, KENNEDY and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of the petitioner's motion for appointment of counsel. The petitioner is appealing the order dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. A certificate of probable cause was issued by the district court on October 10, 1985.
 
 
 2
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the informal brief, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The petitioner, Harold Lee Jackson, was found guilty by a jury of first-degree murder and sentenced to a term of imprisonment of 80 years. After pursuing relief in the state courts without success, the petitioner applied for relief in the district court on December 29, 1982. The petitioner alleged six instances of ineffective assistance of counsel in his petition as follows:
 
 
 4
 A) failure to bring out material, exculpatory evidence;
 
 
 5
 B&C) ineffective cross-examination of state's witnesses;
 
 
 6
 D) failure to bring out the motive why state's witnesses were allegedly testifying falsely;
 
 
 7
 E) failure to disclose that petitioner's fingerprints were not found at the crime scene;
 
 
 8
 F) failure to object to a damaging conclusion of a witness;
 
 
 9
 G) failure to object to misrepresentation by the prosecution.
 
 
 10
 On March 9, 1981, Jackson filed a petition for post-conviction relief in state court. Thereafter, the Shelby County Criminal Court held an evidentiary hearing and found as follows:
 
 
 11
 1. that trial counsel was appraised of the inconsistencies in the testimony of the state's witnesses prior to and during trial;
 
 
 12
 2. that counsel cross-examined three witnesses concerning these inconsistencies to impeach the same;
 
 
 13
 3. that counsel discussed trial strategies with his client on many occasions and provided a defense of alibi;
 
 
 14
 4. that counsel was made aware of the result of any physical evidence, or lack of, in the possession of the state; and
 
 
 15
 5. that the petitioner has failed to carry his burden of proof in establishing any facts that counsel's representation was ineffective.
 
 
 16
 28 U.S.C. Sec. 2254(d) provides that a hearing on the merits of a factual issue at the state court level shall be presumed to be correct unless one of eight exceptions applies. None of the exceptions applies in the instant case. The transcript of the hearing clearly shows petitioner's six allegations of error to be without merit.
 
 
 17
 For petitioner to establish his claim of ineffective assistance of counsel, he must show that his counsel's performance was deficient and that the deficient performance prejudiced the petitioner so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. 668 (1984); Meeks v. Bergen, 749 F.2d 322 (6th Cir. 1984). The proper standard for counsel's performance is that of reasonably effective assistance in light of the totality of evidence presented to the judge and jury. The burden is on the petitioner to show that counsel's performance was deficient to the extent that there was a deprivation of the constitutional guarantee of counsel. Strickland, 466 U.S. at 689. The petitioner has failed to carry this burden as trial counsel's representation of the petitioner was well within the range of competence required by trial attorneys.
 
 
 18
 It appears that the issues on which this cause depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Accordingly, it is ORDERED that the motion for appointment of counsel is denied, and it is ORDERED that the final judgment of the district court be affirmed.